### CONDITIONS VOIDING A LIFE INSURANCE POLICY.

Common Pleas Court of Hamilton County.

THE PRUDENTIAL INSURANCE CO. v.
PIUS ZIMMER, ADMINISTRATOR.

Decided, February, 1916.

*Burden of Proof—In an Action on a Policy of Life Insurance—Defense that the Insured Was Not in Good Health at Time Policy Was Delivered—Burden of Showing Such Was the Fact Upon the Company.*

In an action upon an industrial insurance policy, which contains the preliminary provision, "this policy shall not take effect if the insured die before the date hereof, or if on such date the insured be not in sound health, but in either event the premiums paid hereon, if any, shall be returned," said provision is not a condition

precedent, and if pleaded in defense to an action brought upon the policy will be considered as a condition subsequent and the burden of proof is upon the company to sustain such defense.

*M. G. Heintz,* for plaintiff in error.
*Fulford, Shook, Wilby & Fricke,* contra.

MAY, J.

This is a proceeding in error to reverse judgment rendered by the municipal court upon a verdict of the jury returned in favor of the plaintiff. The main error complained of is in the charge of the court.

The court below charged the jury that the burden of proof was upon the defendant company to establish that the deceased was not in sound health at the time of the delivery of the policy.

In support of this contention, counsel for plaintiff in error cites the case of *Insurance Co.* v. *Hillard,* 19 C.C.(N.S.), 78, in which it is held that a clause such as contained in this policy is a condition precedent and the burden of proof is upon the plaintiff to show that on the date of the policy the insured was alive and in sound health. The court, in deciding this case, admits that there is a diversity of opinion in the country on this question, and comes to the conclusion that the weight of authority favors the opinion announced by it, namely, that the burden of proof is upon the plaintiff.

In the case of *Prudential Ins. Co.* v. *Shively,* 17 C.C.(N.S.), 352, the court held:

"If the company wished to defend against the enforcement of the policy, it was its duty to have affirmatively pleaded this condition of the policy as a defense. * * * Such defenses are affirmative and must be specially pleaded."

Our Supreme Court in the case of *Moody* v. *Insurance Co.,* 52 Ohio St., 12, held:

"The conditions precedent, the performance of which the plaintiff is required to plead in an action on such a policy, include only those affirmative acts which are necessary in order

to perfect his right of action on the policy.    \*    \*    \*    Conditions which provide that the policy shall become void, or inoperative, or the insurer relieved wholly or partially from liability, upon the happening of some event, or doing, or omission to do some act, are matters of defense, and to be available must be pleaded, and their breach alleged.''

And at page 18 the court says:

''If they may be properly called conditions, they are conditions subsequent, and matters of defense, which, together with their breach, must be pleaded by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is, of course, upon the party pleading it.''

I am, therefore, of the opinion that the condition under which it is sought to avoid this policy, to-wit, that the insured was not in sound health at the date of the delivery of the policy, is an affirmative defense, and under the rule of the Moody case, *ubi supra,* the burden is upon the company, and that the court below properly charged the jury.

Upon the whole case I am of the opinion that the question was fairly and properly submitted to the jury by the trial judge and that the verdict is not so manifestly against the weight of the evidence as to justify a reversal.